# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11262
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO RENE RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-328-1

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Roberto Rene Rodriguez has appealed the 30-month term of imprisonment imposed by the district court following the revocation of his supervised release period. He asserts that the sentence is procedurally unreasonable because the district court improperly considered factors listed in 18 U.S.C. § 3553(a)(2)(A). Additionally, he maintains that the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consideration of those factors rendered his sentence substantively unreasonable.

Ordinarily, we review revocation sentences under a plainly unreasonable standard. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). However, because Rodriguez did not object at the revocation hearing to the district court's consideration of improper factors, we review his challenge to the procedural and substantive unreasonableness of his sentence for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). Rodriguez concedes that his argument that he did not need to object to the reasonableness of his sentence in order to properly preserve the issue for appellate review is foreclosed by current circuit precedent.

Because 18 U.S.C. § 3583(e) omits from its directive the sentencing factors listed in § 3553(a)(2)(A), which include the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)(2)(A), a district court may not rely on these factors in its imposition of a revocation sentence. *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011). Here, the district court expressly disclaimed reliance on the factors listed in § 3553(a)(2)(A). To the extent that the district court considered the seriousness of the domestic violence assault giving rise to Rodriguez's revocation proceedings or the need to promote respect for the law or provide just punishment, these were not the dominant factors in the court's sentencing decision; rather, the dominant factors in determining the length of the sentence were the district court's consideration of other, permissible factors. *See* § 3553(a)(1), (2)(B), (2)(C); *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015).

A revocation sentence is substantively unreasonable if the district court did not take into account a factor that should have received significant weight,

No. 16-11262

gave significant weight to an irrelevant or improper factor, or made a clear error in judgment when balancing the sentencing factors. *Warren*, 720 F.3d at 332. Rodriguez has not shown that the court gave significant weight to the improper factors of the seriousness of the violation, the need to promote respect for the law, or the need for just punishment. *See id.* His 30-month sentence, which does not exceed the statutory maximum, is substantively reasonable. *See id.* at 326, 332; *Whitelaw*, 580 F.3d at 259, 265.

Accordingly, the judgment of the district court is AFFIRMED.